# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina ▾

Asheville Division

**FILED**
ASHEVILLE, NC

**FEB 2 8 2023**

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

| | |
|---|---|
| Sara Nicole McCall _____ <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint.* <br> *If the names of all the plaintiffs cannot fit in the space above,* <br> *please write "see attached" in the space and attach an additional* <br> *page with the full list of names.)* <br> **-v-** <br><br><br> Veterans Health Administration, Office of Mental Health <br> and Suicide Prevention _____ <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the* <br> *names of all the defendants cannot fit in the space above, please* <br> *write "see attached" in the space and attach an additional page* <br> *with the full list of names. Do not include addresses here.)* | Case No. __1:23-cv-52-MR-WCM__ <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* [X] Yes [ ] No |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Sara Nicole McCall |
| Address | 612 McCall Cove Road |

| Lake Toxaway | NC | 28747 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Transylvania |
| Telephone Number | (828)577-6069 |
| E-Mail Address | sara_mccall_81@yahoo.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Veterans Health Administration, Office of Mental Health and Suicide Prevention |
| Job or Title *(if known)* | unknown |
| Address | 810 Vermont Avenue NW |

| Washington | DC | 20420 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | (202)461-4154 |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☐ Official capacity

Defendant No. 3

Name _____

Job or Title *(if known)* _____

Address _____

_____

| *City* | *State* | *Zip Code* |

County _____

Telephone Number _____

E-Mail Address *(if known)* _____

☐ Individual capacity   ☐ Official capacity

Defendant No. 4

Name _____

Job or Title *(if known)* _____

Address _____

_____

| *City* | *State* | *Zip Code* |

County _____

Telephone Number _____

E-Mail Address *(if known)* _____

☐ Individual capacity   ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☑ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Fourteenth Amendment to the United States Constitution - Civil liberties are the "basic rights and freedoms guaranteed to individuals as protection from any arbitrary actions or other interference of the government without due process of law; 18 U.S. Code § 242 - Deprivation of rights under color of law

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Fourteenth Amendment to the United States Constitution - Civil liberties are the "basic rights and freedoms guaranteed to individuals as protection from any arbitrary actions or other interference of the government without due process of law; 42 U.S. Code § 1983 - Deprivation of rights under color of law

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Upon receipt of numerous anonymous suicidal communications to the defendant, software was used to link the phone number in question to the plaintiff. Potential addresses were located and LEO were contacted. This resulted in Transylvania County Sheriffs Department and multiple other agencies being dispatched to locate the plaintiff on 5 separate occasions. These were for "welfare/wellness checks for a person in mental crisis that was threatening self harm".

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?

1. 612 McCall Cove Road, Lake Toxaway, NC, 28747, Transylvania County, plaintiff's current residence
2. 95 Mills Gap Rd Apt #40D Asheville, NC 28803, Buncombe County, plaintiff's prior residence
3. Unknown location in Rutherford County NC

B.  What date and approximate time did the events giving rise to your claim(s) occur?
12/06/2020 at 3:28pm
12/06/2020 at 11:17pm
01/29/2021 at 11:24pm
09/26/2021 at 9:27pm
02/11/2022 at 1:58pm

C.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

1.  On 12/6/2020 at around 3:00pm, plaintiff received a call from her daughter, Alexis Christine McCall, stating three Transylvania County Sheriff's Department had just shown up at, her father, Jimmy Earl McCall's home and wouldn't tell anyone why but that they were looking for the plaintiff. Plaintiff contacted the Transylvania County Sheriff's department to inquire about what was going on. At that time plaintiff was instructed by an unknown officer that the plaintiff needed to present herself to the sheriff's department for a wellfair check. Plaintiff told the officer she was fine and in no need of assistance. Plaintiff advised she was in Henderson County and hadn't made the calls and was not suicidal. Plaintiff's friend, Sharon Shurgart, advised that the plaintiff was with her and in no danger. Officer still insisted that the plaintiff present herself to the sheriff's department, at which time the plaintiff again advised them she was fine and in no need of assitance, that this had to be a prank, and then disconnected the call. Plaintiff then turned her phone off. Within 15 minutes, Henderson County Sheriff's department was spotted coming up the driveway of the residence the plaintiff was at.
*See attached page*

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

1. Plaintiff experienced and is currently experiences mental pain and suffering including emotional distress, mental anguish, fear, anger, insomnia, appetite changes, anxiety, shock, humiliation, paranoia, loss of enjoyment of life, depression, anxiety, and Post Truamatic Stress Disorder (PTSD). This has been ongoing for over two years.
2. Cost of hotels, plaintiff would leave due to feeling unsafe or experience overwhelming anxiety in her home.
3. These violations also caused tension with the Transylvania County Sheriff's Department after the plaintiff tried to find a resolution on how to make the continued harrassment by defendant stop and ways to ensure that officers would not continue to show up at her home for unjustified wellfare checks.
4. Plaintiff's family was also affected, as TCS showed up at their home and plaintiff lives on family property.
5. Plaintiff is wanting to relocate and has wanted to relocate for over 2 years. However, these incidents have delayed this as the plaintiff is afraid of LEO in a new area not having a history of the harrassment and the plaintiff actually being involuntarily commited or taken in for medical. This has resulted in the plaintiff being forced to live in less than standard conditions.
6. Plaintiff currently still experiences mental pain and suffering to date as there was never a resolution or guarantee from the defendant or Transylvania County Sheriff's Department that this would not happen again. Plaintiff was advised by Transylvania County Sheriff's Department that if the defendant contacted them again, they would show up at the plaintiff's residence again regardless of history notes.
7. Plaintiff felt unsafe calling other crisis lines when in need/crisis due to these incidents, so it limited her resources.
8. Plaintiff received mental health services for mental injuries received and will need continued care until issues are resolved. ⊞

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Punative Damages
$250,000 - $50,000 per violation, there are 5 violation dates totaling $250,000.
Compensatory Damages
$50,000 for medical expenses including but not limited to previous and future mental health services

$400,000 - pain and suffer, $100,000 per incident with 4 in person actual contact event  for loss of enjoyment of life, loss of opportunity, mental anguish, and inconvenience
Total = $700,000

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2-25-2023

Signature of Plaintiff  _Sara Nicole McCall_

Printed Name of Plaintiff  Sara Nicole McCall

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

In the United States District Court

For the

Western Division of North Carolina

Asheville Division

Case No. _____

Sara Nicole McCall

v.

Veterans Health Administration, Veterans Crisis Line

Attachment 1 of Complaint

III. Statement of Claim - Section C continued...

1.(2). The deputy stopped at the bottom of the driveway, which was the meeting point for 3 driveways, sat for several moments and then left. The plaintiff left and when she returned home, her home had been gone through, all doors inside her home including the back door had been left open. Plaintiff contacted her father, the only other person with access to the home and he advised he hadn't been to/in the home. This leaves the only other people being at the home that day to be Transylvania County Sheriff's Department. Defendant contacted the Transylvania County Sheriff's Office and initiated this incident. Defendant was notified that the calls were not coming from the plaintiff, she was not in need of assistance and likely pranks.

2. On 12/06/2020 at approximately 11:30pm, plaintiff was awoken to someone banging on her door and several automobiles with their lights on parked facing the front of her home. Plaintiff startled from being woken up took around 1 minute to grab clothes and shoes and get to the front door of her home. When she got to the front door, no one was there. They had moved around the back of the house and had begun knocking on windows and looking through then while shouting Transylvania County Sheriff's Department. Approximately 5 Transylvania County Sheriff's deputies walked back around the front of the home and began questioning the plaintiff, demanding the plaintiff show them her arms and prove that she was not hurting herself. During this time plaintiff advised officers multiple times she was fine and hadn't made the calls, officers continued to question the plaintiff and accused her of making the calls for attention and advising she would get in trouble if they proved the plaintiff was attention seeking. Plaintiff again advised officers that she hadn't made the calls and wasn't in need of assistance home and to back away from her as none of the officers had on mask and there were COVID requirements. Officers finally left. Defendant contacted the Transylvania County Sheriff's Office and initiated this incident. Defendant was notified that the calls were not coming from the plaintiff, she was not in need of assistance and likely pranks.

3. On 1/29/2021 at approximately 11:40pm, Plaintiff was awoken to Transylvania County Sheriff's deputies doing another welfare check because of a call from the defendant. Only one officer arrived for this call, he advised he had checked the call logs and saw the history. He advised his research was why there was only one officer that arrived and that even though there was history, they still had to do the welfare check. Plaintiff advised the officer she was not in need of assistance and was asleep, the officer left.

3.(2). Defendant contacted the Transylvania County Sheriff's Office and initiated this incident. Defendant was notified that the calls were not coming from the plaintiff, she was not in need of assistance and likely pranks.

4. On 01/30/2021, Plaintiff filed a complaint with the defendant and Transylvania County Sheriff's department. Transylvania County Sheriff's Department then did an investigation. The detective assigned to the case showed up to the plaintiff's house unannounced and without consent or any concern to the plaintiff's work schedule. The detective advised the plaintiff during the conversation that they would be checking to make sure she was not the one doing this and if it was found that she was, that there was a possibility that criminal charges could be taken out on the plaintiff.

4.(2) Investigation proved plaintiff was not making the calls/text and that the person contacting the defendant was using a spoof account to do so and that the phone number used was reassigned to another party and that the plaintiff was no longer connected to this number. The defendant was notified of the results of the investigation. With the investigation results and the complaint filed by plaintiff with the defendant, defendant advised the plaintiff the number would be flagged, and she wouldn't be bothered anymore. Defendant was notified that the calls were not coming from the plaintiff, she was not in need of assistance and likely pranks.

5. On 9/26/20221 at approximately 9:40pm, 5+ Transylvania County Sheriff's deputies, as well as EMS, showed up to the plaintiff's home, all in separate vehicles. Again, demanding the plaintiff to come out of her home and prove that she was not harming herself. Plaintiff advised officers she had not called them and was not in need of assistance. Officers demanded the plaintiff come outside and that she show them her hands. Plaintiff was standing inside of her home behind a glass door, officers had full view of the plaintiff but still demand she remove her hands from her shirt and show her hands to them. They kept demanding the plaintiff come out of her house. Plaintiff stepped out her from door and asked officers to back away from her as none of the officers or assumed EMS workers had on mask and there were COVID requirements. Plaintiff asked the officers if they had checked the call logs for the home. Officers were very disrespectful to the plaintiff and began questioning her about who was inside her home and why she had the windows covered. Officers also advised plaintiff she would get in trouble if they found out she was doing this for attention. Plaintiff again told officers they needed to check the call history and realize this was a mistake. The officers continued to question the plaintiff for several moments until another officer came back up to the plaintiff's porch and stopped them. During the current incident happening on my front porch, he had walked off and pulled the address history and realized it was a mistake. The defendant contacted the Transylvania County Sheriff's Office and initiated this incident. The defendant also sent officers from Asheville Police Department to an apartment that the plaintiff had previously lived in and moved out of almost 3 years prior. Defendant was notified that the calls were not coming from the plaintiff, she was not in need of assistance and likely pranks.

5.(2). Plaintiff had covered the windows in her home due to incidents of the Transylvania County Sheriff's Department showing up uninvited to her home while she was asleep and/or not at home and looking through her windows with flashlights. This was done to protect her privacy and because of the emotional stress and anxiety plaintiff was experiencing. Plaintiff also started locking her doors and using extra security measures to ensure someone was able to just walk in her home. Plaintiff made multiple complaints to the Transylvania County Sheriff's Department, complaints were made to directly to Sheriff

5.(3). David Mahoney and multiple other officers, as well as training officers inside the Transylvania County Sheriff's Department.

6. On 2/11/2022, the defendant sent Rutherford County Sheriff's Department looking for the plaintiff. Plaintiff has never resided in Rutherford County. Defendant again searched their software and came up with the plaintiff's name and contacted Asheville Police Department, who found an address for the plaintiff in Rutherford County and officers from that county were sent to look for the plaintiff.

7. After every incident plaintiff contact the defendant and the Transylvania County Sheriff's Department, they were notified that the plaintiff was not making the calls making these calls and that someone was using them to harass the plaintiff indirectly. Plaintiff advised them that this situation was causing her mental and emotional distress. Plaintiff advised the defendant and Transylvania County Sheriff's Department that she was a domestic violence victim, and they were helping her abuser continue to abuse her through them.

8. At no point in time did the caller/texter advise the defendant that they were in fact the plaintiff or ever provide any identifying information linking directly to the plaintiff. The phone number, that was no longer registered to the plaintiff, was obtained through a text app service provided by the defendant. Other parties were identified to be affiliated with the phone number in question, however, the defendant continued to traumatize and harass the plaintiff after being told after the first incident that it was not the plaintiff contacting them and it was a prank to harass the plaintiff.